UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., | No. 2:20-cv-01688-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| JP MORGAN CHASE & CO., | (ECF No. 2) |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3   490 U.S. at 327.
4        To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
5   assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
6   action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words,
7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
9   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
12  at 678. When considering whether a complaint states a claim upon which relief can be granted,
13  the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94
14  (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.
15  Allain, 478 U.S. 265, 283 (1986).
16       Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21
17  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear
18  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
19  pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v.
20  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); superseded on other grounds by statute as stated in
21  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221,
22  1230 (9th Cir. 1984).
23       Here, plaintiff lists five causes of action in his complaint: "injury/illness," "assault –
24  covert," breach of contract, negligence, and discrimination. The factual allegations appear to be
25  that plaintiff attempted to open a business bank account with defendant and was denied in a
26  "rude" manner. (ECF No. 1 at 2.) Plaintiff attaches a letter signed by a paralegal denying
27  plaintiff's allegations of wrongdoing as well as other unrelated medical records. (Id. at 4-6.) The
28  facts contained in his complaint cannot support any cause of action. For example, regarding his

...

1  "assault – covert" cause of action, plaintiff alleges defendant was "aware [that the letter denying

2  his claims] should upset [him]."  (Id. at 2.)  This is insufficient to state a claim for assault.  See

3  Carlsen v. Koivumaki, 174 Cal. Rptr. 3d 339, 351 (2014) (outlining the elements of assault);

4  Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1178 (E.D. Cal. 2011) (holding that

5  "[m]ere words, however threatening, will not amount to an assault").  Likewise, the breach of

6  contract cause of action does not allege the elements of the claim; for example, plaintiff does not

7  allege that any contract actually existed between the parties, whether oral or written.  (ECF No. 1

8  at 2); see also Tom Trading, Inc. v. Better Blue, Inc., 26 F. App'x 733, 735 (9th Cir. 2002) (listing

9  the elements of a breach of contract claim).  Similarly, the negligence and discrimination counts

10 do not allege any facts that would allow this court to draw a reasonable inference that the

11 defendant is liable for the misconduct alleged.  For these reasons, the complaint is subject to

12 dismissal.

13      Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that

14 plaintiff could allege additional facts to potentially state a claim, the court finds it appropriate to

15 grant plaintiff an opportunity to amend the complaint.

16      If plaintiff elects to file an amended complaint, 1) it must be captioned "First Amended

17 Complaint;" 2) it must be typed or written in legible handwriting; 3) it must address the

18 deficiencies outlined in this order; and 4) it must be filed within 28 days of this order.

19      Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order

20 to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended

21 complaint be complete in itself without reference to any prior pleading.  As a general rule, an

22 amended complaint supersedes the original complaint, and once the first amended complaint is

23 filed, the original complaint no longer serves any function in the case.

24      Finally, nothing in this order requires plaintiff to file a first amended complaint.  If

25 plaintiff determines that he is unable to amend his complaint in compliance with the court's order

26 at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without

27 prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint is DISMISSED, but with leave to amend;
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 18, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.murph.ifp-lta